UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| HAYWOOD RICE, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | )    No. 2:05cv0160 AS |
| | ) |
| CECIL DAVIS, Supt., Indiana State Prison, | ) |
| | ) |
| Respondent | ) |

### *MEMORANDUM OPINION AND ORDER*

On or about April 27, 2005, *pro se* petitioner, Haywood Rice, an inmate at the Indiana State Prison (ISP) in Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Return/Response filed on behalf of the respondent by the Attorney General of Indiana with an elaborate set of exhibits on October 11, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on December 12, 2005, which this Court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the ISP. There is a memorandum decision of the Court of Appeals of Indiana entered May 7, 1999, authored by Judge Najam and concurred in by Chief Judge Sharpnack and Judge Bailey. For the immediate reference of all concerned, the memorandum decision is marked as Appendix "A", attached hereto and incorporated herein. There is another decision by the Court of Appeals

of Indiana entered December 9, 2004, authored by Judge Baker and concurred in by Judges Sharpnack and Friedlander, which is marked as Appendix "B", attached hereto and incorporated herein. Of some moment, the findings of fact and conclusions of law entered by the state trial court in Indianapolis, Indiana on February 13, 2004, are of some considerable moment here and are attached hereto and incorporated herein as Appendix "C."

The petitioner is serving a 50-year sentence from two convictions in Marion County, Indiana for attempted murder. Certainly the two decisions by the Court of Appeals of Indiana and the facts embedded in those decisions are entitled to a rebuttable presumption of correctness under 28 U.S.C. §2254(e)(1). The burden to rebut is by clear and convincing evidence, and that simply has not happened in this case.

In the first trip to the Court of Appeals of Indiana, the petitioner did not seek transfer to the Supreme Court of Indiana. Apparently he sought transfer with regard to the second go-around in the Court of Appeals of Indiana. At the outset and as general background, this court is impressed with two unanimous decisions of the Supreme Court of the United States entered the same day. *See Woodford v. Visciotti*, 537 U.S. 19 (2002), and *Early v. Packer*, 537 U.S. 3 (2002). Also relevant here are the Supreme Court decisions of *Williams v. Taylor*, 529 U.S. 362 (2000), as well as *Coleman v. Thompson*, 501 U.S. 722 (1991), *rehr'g denied*, 501 U.S. 1277 (1991).

The collateral review envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir.

2

1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). *See also Dellinger v. Bowen*, 301 F.3d 758 (7th Cir. 2002).

This petitioner has clearly attempted to recast what are basically state law claims as claims under the Sixth and Fourteenth Amendments of the Constitution of the United States. It does not appear that he has made an arguably valid claim under the Eighth Amendment of the Constitution of the United States. *See Harmelin v. Michigan*, 501 U.S. 957 (1991). It also needs to be remembered that he cannot claim ineffective assistance of counsel with regard to the post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551 (1987). With regard to his ineffective assistance of counsel claim as to trial counsel, petitioner must comply with *Williams, supra*, as well as the pre-existing standards enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, he also has to demonstrate how he was specifically disadvantaged by any such alleged incompetence. He simply has not done that here. The petitioner is far from establishing a constitutional violation with regard to the so-called "Melanie" witness. On this issue, the Court of Appeals of Indiana got it right.

Waivers of the right to trial by jury in criminal cases, which was first enunciated in Article III of the Constitution and later in the Sixth Amendment, need to be done with care. In federal cases in the Seventh Circuit, some precise procedures are in order. These procedures are largely enunciated as a part of the federal court of appeals supervisory

3

authority. *See Lenea v. Lane*, 882 F.2d 1171 (7th Cir. 1989). The importance of a careful waiver by both the prosecution and defense to a constitutional right to a trial by jury is clearly reflected in the chief justice's opinion in *Singer v. United States*, 380 U.S. 24 (1965). The procedure in this circuit demands a written waiver by a defendant and the concurrence by the United States as prosecutor for such a waiver. *See Estrada v. United States*, 457 F.2d 255 (7th Cir. 1972). The Court of Appeals of Indiana found that this petitioner voluntarily, knowingly and intelligently waived his right to a trial by jury, as recommended to him by his counsel. That record appears to pass muster, understanding that the supervisory rules in the Seventh Circuit are somewhat more formalistically demanding. The argument of whether or not aggravated battery is a lesser included offense strikes this court as almost purely a question of state law, which was rejected as valid by the Court of Appeals of Indiana, thus rendering it inappropriate for presentation here under 28 U.S.C. §2254(d).

There is an alleged failure here by trial counsel of failing to seek suppression of a statement made by this petitioner which may have been in tension with *Miranda v. Arizona*, 384 U.S. 436 (1966). There is no indication that issue was preserved in the state trial court, although there was some mention of it in an appellate brief in the state judiciary. The petitioner has failed to make an arguable case with regard to the ineffective assistance of appellate counsel under *Smith v. Robbins,* 528 U.S. 259, 120 S.Ct. 746 (2000). *See also Howard v. Gramley*, 225 F.3d 784 (7th Cir. 2000).

There is a very elaborate record here, and this court has taken the trouble to order the

4

filing of the relevant state record.  It is apparent from the filing made December 12, 2005 that this petitioner has had access to the state trial record.  Simply put, it was this court's determination that it needed to see the same record before finalizing its determination in this case.

The petitioner has presented no basis here for relief under 28 U.S.C. §2254.  Such relief is now **DENIED.  IT IS SO ORDERED**.

**DATED:**  December 16, 2005

                                        S/ ALLEN SHARP
                                        **ALLEN SHARP, JUDGE**
                                        **UNITED STATES DISTRICT COURT**