UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| HAYWOOD RICE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:05-CV-160 AS |
| | ) | |
| CECIL DAVIS, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

On February 7, 2006, Mr. Rice filed a Motion for Certificate of Appealability ("CA"). When applying for a CA, a petitioner must make "a 'substantial showing of the denial of a federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (quoting *Stewart v. Beto*, 454 F.2d 268, 270 n.2 (5th Cir. 1971), *cert. denied*, 406 U.S. 925 (1972)). *See also Stuart v. Gagnon*, 837 F.2d 289 (7th Cir. 1987). Congress established this requirement in order to prevent frivolous appeals from delaying a state's ability to impose sentences. *Barefoot v. Estelle*, 463 U.S. at 892. The court's discretion on whether to grant or deny a CA is the best vehicle of separating meritorious from frivolous appeals. *Id*. at 893. A petitioner is not required to show that he would prevail on the merits, but he must show that the issues presented in his habeas petition are "debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Id*. at 893 n.4 (quoting *Gordon v. Willis*, 516 F.Supp. 911, 913 (N.D.Ga. 1980)). *See also United States ex rel. Calhoun v. Pate*, 341 F.2d 885 (7th Cir.), *cert. denied*, 382 U.S. 945 (1965).

Mr. Rice's petition raised five challenges to his state court conviction. His claim that the trial court abused its discretion regarding mitigating and aggravating circumstance was denied because

it only raised a state law claim. His Eighth Amendment claim regarding his sentence was denied because he failed to raise it as a constitutional claim in the state courts. His claim that he was denied a full post-conviction hearing is without merit because he has no constitutional right to collateral relief, and because it is without merit. His claims of ineffective assistance of counsel and appellate counsel were denied because those claims were reasonably adjudicated by the state court based on the constitutional standard of *Strickland v. Washington*, 466 U.S. 668 (1984).

None of the issues presented to the court make a substantial showing of the denial of a constitutional right or present questions that are debatable among jurists of reason. *See Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995). Accordingly, petitioner's application for a Certificate of Appealability (DE 21) pursuant to Rule 22(b), Federal Rules of Appellate Procedure, is hereby **DENIED** because the petitioner has not made a substantial showing of the denial of a Constitutional right. The court advises the petitioner that pursuant to Fed. R. App. P. 22(b), where the district judge denies a certificate of appealability, "the applicant for the writ may then request issuance of the certificate by a circuit judge."

**IT IS SO ORDERED.**

**DATED: April 18, 2006**

                                              **S/ ALLEN SHARP**
                                              **ALLEN SHARP, JUDGE**
                                              **UNITED STATES DISTRICT COURT**